```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


SAM WRIGHT, JR.,               )
                               )
     Plaintiff,                )
                               )
          v.                   )     1:08cv568 (JCC)
                               )
SUNTRUST BANK, et al.,         )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant SunTrust Bank's[1] Motion to Dismiss. For the following reasons, the Court will grant Defendant's Motion.

## I. Background

The facts as alleged in the Complaint are as follows. In December 2007, Plaintiff Sam Wright, Jr. ("Plaintiff") sought pre-approval from Defendant SunTrust Bank ("SunTrust") to purchase a new automobile. After Plaintiff filed an application with SunTrust, a representative from the bank informed him that he was pre-approved for the base price of the vehicle and that he would be approved for up to 100 percent of the purchase price once the vehicle arrived and SunTrust received a purchase order.

---

[1] In his Complaint, Plaintiff improperly refers to Defendant SunTrust Bank as "SunTrust Banks, Inc." Hereinafter, the Court will use Defendant's proper name.

1

Plaintiff then ordered the vehicle, a 2008 BMW 535xi, from BMW of Fairfax.  The vehicle arrived at the dealership in February 2008.

After Plaintiff informed SunTrust of the vehicle's arrival and requested funds for its purchase, SunTrust asked for and received Plaintiff's credit file from Defendant Equifax, Inc. ("Equifax").  Based on the content and change in Plaintiff's credit report, SunTrust refused to finance the purchase of the vehicle.  SunTrust provided Plaintiff with the reasons for its decision, which included: (1) a drop in Plaintiff's credit score from 687 to 576; (2) serious account delinquency; (3) the length of time since the account was not paid as agreed; (4) the high proportion of revolving balances to credit limits; and (5) the number of delinquent accounts.  Simultaneously, SunTrust froze Plaintiff's home equity line of credit and prevented him from accessing it.

On May 6, 2008, Plaintiff, acting pro se, filed a Complaint against SunTrust, Equifax, and Defendant Bank of America, Corp. ("Bank of America") (collectively, "Defendants") in the Circuit Court of Loudoun County, Virginia.  He asserted claims against SunTrust and Equifax for violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ("ECOA"), and against Bank of America for violation of the Fair Credit

Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").[2]  On June 3, 2008, SunTrust, with the consent of Equifax and Bank of America, removed the action to this Court.  SunTrust filed a Motion to Dismiss on June 10, 2008.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

---

[2] On July 15, 2008, upon joint motion of Plaintiff and Bank of America, the Court dismissed all of Plaintiff's claims against Bank of America with prejudice.

However, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

Complaints drafted by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, while pro se litigants "cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in the law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Even in cases involving pro se litigants, district courts "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

SunTrust argues that Plaintiff has failed to state an ECOA claim against it. ECOA provides, in pertinent part, that:

> [i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age . . . [or] because all or part of the applicant's income derives from any public assistance program . . . or because the applicant has in good faith exercised any right under this chapter.

4

15 U.S.C. § 1691(a)(1)-(3); *see also* 12 C.F.R. § 202.4.  ECOA requires that creditors notify applicants concerning the creditor's approval of, counteroffer to, or adverse action taken on a credit application within thirty days of receiving the completed application.  12 C.F.R. § 202.9(a)(1)(I); 15 U.S.C. § 1691(d).  An "adverse" action includes a denial of credit.  15 U.S.C. § 1691(d)(6).  When an adverse action is taken, the creditor must provide the applicant in writing either a statement of specific reasons for the action, or, in the alternative, notice of the adverse action, disclosure of the applicant's right to a statement of reasons, and the identity of the person or office from which such statement may be obtained.  *Id.* § 1691(d)(2); 12 C.F.R. § 202.9(a)(2).

   Here, Plaintiff alleges that SunTrust violated ECOA by refusing to honor its commitment to finance his purchase of a 2008 BMW 535xi.  It is undisputed that, after refusing to finance the purchase, SunTrust provided Plaintiff with a statement of reasons for denying his loan application.  Those reasons included: (1) a drop in Plaintiff's credit score from 687 to 576; (2) serious account delinquency; (3) the length of time since the account was not paid as agreed; (4) the high proportion of revolving balances to credit limits; and (5) the number of delinquent accounts.  Pl.'s Compl. ¶ 13; Ex. A to Def.'s Mot. to Dismiss.  The Court notes that, on its face, SunTrust's statement of reasons is proper.  While a statement of reasons "must relate

to and accurately describe the factors actually considered," a creditor "may use any words or phases that describe the action taken on the application," and "need not describe how or why a factor adversely affected an applicant."  12 C.F.R. Pt. 202, Supp. I, Section 202.9 & Par. 9(b)(2).  The Court perceives no facial error in the statement of reasons.

     Plaintiff, however, argues that SunTrust's reasons are mere pretext.  He insists that between December 2007, when SunTrust pre-approved his purchase, and February 2008, when SunTrust refused to provide financing, there was no change in his credit profile, no accounts with delinquency, and no account not paid as agreed.  Pl.'s Compl. ¶¶ 14-17.  Plaintiff further contends that there was no basis in fact for any drop in his credit score.  *Id.* ¶ 21.  Most importantly for the purposes of this Motion, Plaintiff claims that SunTrust's credit decisions were "arbitrary and based on factors other than Plaintiff's creditworthiness."  *Id.* ¶ 25.

    This last accusation appears to form the basis of Plaintiff's ECOA claim against SunTrust.  To state an ECOA claim, a plaintiff must plead a prohibited reason for denying a credit application.  *See, e.g., Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1025 (N.D. Cal. 2006)(dismissing an ECOA claim where plaintiffs' complaint contained no factual allegations that they were discriminated against based on any of the reasons enumerated in 15 U.S.C. § 1691); *Hanlin v. Ohio Builders &*

*Remodelers, Inc.*, 196 F. Supp. 2d 572, 580 (S.D. Ohio 2001)(dismissing ECOA claim where plaintiffs failed to allege that they engaged in any activity protected under ECOA or that an adverse action was taken on account of a protected activity).  A thorough and liberal reading of Plaintiff's Complaint does not reveal any allegations that SunTrust denied Plaintiff's credit application for one of the reasons enumerated in 15 U.S.C. § 1691(a)(1)-(3).  Consequently, the Court finds that Plaintiff has failed to state an ECOA claim against SunTrust, and will grant the Motion to Dismiss.

### IV. Conclusion

For these reasons, the Court will grant Defendant SunTrust's Motion to Dismiss all claims against it.

An appropriate Order will issue.


August 4, 2008                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE

7